LFS
2007R00686

RECEIVED-CLERK
U.S. DISTRICT COURT

2008 MAY 21  P 1: 46

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA                :        Hon. 08-426 (JAP)

v.                                       :        Criminal No.

JOHN DABRONZO                            :        29 U.S.C. § 501(c) and
                                                  18 U.S.C. § 664

## I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
### (Embezzlement from Local 89 JATC)

1.  At all times relevant to this Information:

a.  Local Union 89 (hereinafter "Local 89") of the International Association of Heat and Frost Insulators and Asbestos Workers of the United States and Canada ("International"), headquartered in Trenton, New Jersey, was a "labor organization" within the meaning of the provisions of Title 29, United States Code, Sections 152(5), 402(i), and 402(j).  Local 89, through its officers and agents and on behalf of its members, entered into collective bargaining agreements ("CBA") with approximately twenty-five employers located throughout New Jersey involved in mechanical heating and cooling systems insulations.

b.  The Joint Apprenticeship and Training Committee Fund (hereinafter "JATC"), was a Local 89 employee benefit plan that

was designed to provide training and classes for Local 89 members.  The JATC was subject to the provisions of Title I of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), Title 29, United States Code, Section 1001, et. seq.

c.  Each employer covered by a CBA with Local 89, and each employee working for such an employer, was required to make contributions into the JATC.  At least once a month, the employers were obligated to send remittance checks to the Local 89 union office which included JATC contributions as well as additional moneys due and owing to Local 89 arising from other payroll deductions.  After the remittance checks were received at the Local 89 union office, these remittance checks were supposed to be deposited into the Local 89 Distribution Fund checking account maintained at Wachovia Bank.  Thereafter, the deposited moneys were supposed to be transferred among various Local 89 bank accounts, including the General Fund Checking Account, the Helping Hand Fund, the Industry Advancement Fund, the Mortuary Fund, the PAC Fund, the Building Fund, and the JATC, all of which were maintained at Wachovia Bank.

d.  From in or about 1989 and continuing until approximately April 2007, defendant JOHN DABRONZO was an officer and employee of Local 89, that is a Business Agent/JATC Administrator, and as such, was subject to the rules and regulations of the International Constitution and By-Laws and the Local 89 By-Laws. As Business Agent, defendant DABRONZO represented Local 89 members employed at various locations by, among other things,

2

monitoring and ensuring that employers complied with their
obligations under various collective bargaining agreements.  As
JATC Administrator, defendant DABRONZO was responsible for
coordinating the education of union apprentices, supervising the
Training and Education Center, and managing the JATC checking
account at Wachovia Bank.

  e. Defendant JOHN DABRONZO, as Administrator of the JATC,
was a fiduciary of the JATC, pursuant to 29 U.S.C. Sections
1002(16), 1104, and 1106 of ERISA.  JOHN DABRONZO therefore
occupied a position of trust in relation to the JATC and its
participants as a group.

  f. As a consequence of his positions of trust as Business
Agent and JATC Administrator, defendant JOHN DABRONZO was subject
to the following fiduciary duties, among others: (i) the duty to
hold the money and property of Local 89 and the JATC solely for
the benefit of Local 89 and its members as a group and the JATC
and its participants as a group; (ii) to refrain from dealing
with Local 89 and its members as a group or the JATC and its
participants as a group as an adverse party or on behalf of an
adverse party in any matter connected to his duties; (iii) to
refrain from holding or acquiring any pecuniary or personal
interest that conflicted with the interest of Local 89 and its
members as a group and the JATC and its participants as a group;
and (iv) to account to Local 89 and its members as a group and
the JATC and its participants as a group for any profit received

3

in whatever capacity in connection with transactions conducted by him or under his direction on behalf of Local 89 and the JATC.

3.    Between in or about January 2002 through in or about April 2007, in the County of Mercer, in the District of New Jersey, and elsewhere, the defendant

JOHN DABRONZO,

knowingly and willfully embezzled, stole and unlawfully converted to his own use and the use of others, moneys, funds, premiums, credits, property and other assets of the Local 89 JATC, and of a fund connected with such employee benefit plan, subject to the provisions of Title I of ERISA, that is, checks drawn from the Local 89 JATC checking account at Wachovia Bank, which totaled approximately $396,454.73.

In violation of Title 18, United States Code, Section 664.

4

## COUNT TWO
### (Embezzlement from Local 89)

4.   Paragraphs 1(a)-(d), and 1(f) of this Information are re-alleged and incorporated as if set forth in full herein.

5.   At all times relevant to Count Two of this Information:

a.   Defendant JOHN DABRONZO, as Local 89 Business Agent, was subject to Title 29, Section 501(a) of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") governing labor unions, as an officer, agent, or other representative of a labor organization as described in Section 3(q) of the LMRDA, 29 U.S.C. Section 402(q).  Pursuant to Section 501(a) of the LMRDA, he therefore occupied a position of trust in relation to Local 89 and its members as a group.

6.   From in or about May 2005 through in or about April 2007, in the County of Mercer, in the District of New Jersey, and elsewhere, the defendant

JOHN DABRONZO,

did knowingly and willfully embezzle, steal, and unlawfully and willfully abstract and convert to his own use, approximately 300 remittance checks payable to the Local 89 Distribution Account which totaled approximately $433,308.47, and belonged to Local 89, a labor organization, of which he was an officer.

In violation of Title 29, United States Code, Section 501(c).

CHRISTOPHER J. CHRISTIE
United States Attorney

5

CASE NUMBER:

# United States District Court
## District of New Jersey

## UNITED STATES OF AMERICA

### v.

### JOHN DABRONZO

# INFORMATION FOR

## 18 U.S.C. § 664 and 29 U.S.C. § 501(c)

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY NEWARK, NEW JERSEY

LESLIE FAYE SCHWARTZ
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-3986